**BAO ZHU LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 02–4738–ag.

United States Court of Appeals, Second Circuit.

June 5, 2006.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, ME, for Respondent.

PRESENT: WALKER, Chief Judge, and JON O. NEWMAN and ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Bao Zhu Lin, through counsel, petitions for review of the BIA's order affirming Immigration Judge ("IJ") Robert D. Weisel's denial of his application for asylum and withholding of removal as well as the BIA's denial of his motion to remand. We assume the parties' familiarity with the underlying facts and procedural history.

A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005). Here, although the IJ did not make an adversely credibility determination, the BIA did, and that determination formed the basis for its denial of Lin's motion to remand. As of September 25, 2002, however, the BIA may no longer engage in factfinding. 8 C.F.R. § 1003.1(d)(3)(iv) (2005); 67 Fed. Reg. 54,878, 54,905 (Aug. 26, 2002). Even if the IJ had found Lin to be incredible, or if the BIA could still engage in factfinding, the BIA's decision would still be an abuse of discretion.

Lin's wife was not present during his hearing; she subsequently moved to the United States while his appeal was pending, and therefore became available to testify on his behalf. As in *Li Yong Cao,* Lin provided an affidavit from his wife along with his motion to remand, substantially corroborating the facts of his underlying claim. *Li Yong Cao,* 421 F.3d at 157–59. We therefore hold that the BIA erred when it denied the motion based either on Lin's credibility or its factual finding that the motion was not "convincing." Because of the possibility that Lin may be granted a new hearing, it is not necessary for the Court to consider, at this time, the issues Lin raises regarding the IJ's decision on the merits of his claim.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

For the foregoing reasons, we GRANT the petition for review, VACATE the BIA's decision, and we REMAND the case to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).